IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER CRAIG, | § | |
| | § | No. 136, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1206022379 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted:  July 7, 2023
Decided:    September 21, 2023

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the appellant's addendum to his opening brief, the State's motion to affirm, and the Superior Court record, we conclude that the judgment below should be affirmed on the basis of and for the reasons assigned by the Superior Court in its March 30, 2023 order denying the appellant's motion for correction of illegal sentence.[1]

---

[1] *State v. Craig*, 2023 WL 2726855 (Del. Super. Mar. 30, 2023). We note that the appellant, Christopher Craig, has submitted to the Court correspondence from the Department of Correction ("DOC") dated February 20, 2023 indicating that DOC has determined that Craig had accrued (and, thus, forfeited) 714 days of good-time credit (123 days of meritorious good time and 591 days of statutory good time) at the time he committed the felony of promoting prison contraband, as opposed to the 894 days DOC previously determined that Craig had accrued at the time (303 days of meritorious good time and 591 days of statutory good time). Because this correspondence was not submitted to the trial court in the first instance, we cannot consider it on appeal. Del. Supr. Ct. R. 8. In the event that DOC does not clarify this discrepancy, Craig may file a petition for a

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:


/s/ Abigail M. LeGrow
Justice

---

writ of mandamus in the Superior Court and ask the Superior Court to compel DOC to do so. *See Twyman v. McBride*, 2020 WL 2989265 (Del. June 4, 2020).